Dear Mr. Wooden:
You have asked the opinion of this office regarding the ad valorem tax status of a warehouse used for storing sweet potatoes. You indicated that the warehouse is located on a three-acre tract of land that is not being cultivated or used for the production of crops or animals. Specifically you ask whether this warehouse is a farm structure that would be exempt from ad valorem taxes.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and statutory law to the assessor, the La. Tax Commission, and ultimately, the courts.[1] While the Attorney General does not have the authority to grant tax exemptions, we would like to assist you with the applicable law that should be used in making your determinations.
The jurisprudence of this State has consistently held that constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any possible doubt is fatal.
Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established.[2]
La. Constitution Art. VII, Sec. 21(C)(11) provides, in pertinent part, as follows:
 § 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
* * *
 (B)(11) agricultural products while owned by the producer, agricultural machinery and other implements used exclusively for agricultural purposes, animals on the farm, and property belonging to an agricultural fair association; (Emphasis added.)
La. R.S 47:1707 clarifies the meaning of the term "agriculturalmachinery and other implements used exclusively for agriculturalpurposes" contained in the above exemption. It expressly provides that "farm structures" are included within the meaning of the term and exemption afforded by Section 21(C)(11), but does not define farm structures. This office has previously defined a farm structure as "any building, house, barn, fence and any other construction located on land devoted to agricultural and cultivation purposes."[3] That opinion was cited and reaffirmed more recently, when we opined that buildings on lands that are not being used for agricultural purposes (i.e. the cultivation of the land or production of crops and animals) do not constitute farm structures for tax-exempt purposes."[4]
You also ask what constitutes agricultural land. Since La.R.S.47:1707 refers to agricultural purposes as the "cultivation, production and harvest of crops and in the raising and management of live stock", it is our opinion that agricultural lands would be lands being used for these purposes.
We trust the above discussion will assist you in your determination as to the tax-exempt status of the subject property.
With kindest regards,
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _______________________________
 DENISE B. FITZGERALD Assistant Attorney General
CCF, JR:DBF:jv
[1] Attorney General Opinion Nos. 00-54, 96-438, 94-603, 94-602, 93-392, 92-660, 89-500 and 76-114.
[2] Zapata Haney Corp. v. Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991) writ denied.
[3] Atty. Gen. Op. No. 81-179 (Issued to you and attached)
[4] Atty. Gen. Op. No. 01-144
OPINION NUMBER 81-179
Honorable Michael Wooden Attorney General of Louisiana — Opinion March 10, 1981
119 — TAXATION — EXEMPTION — GENERAL
General advice as to a farm under Acts (1980) No. 813 s 1. R.S.47:1707, LA. const. 1974, Art. VI s 20(A).
Honorable Michael Wooden Assessor of Morehouse Parish Bastrop, LOUISIANA 71220
WILLIAM J. GUSTE, JR.
Dear Mr. Wooden:
We previously acknowledged your opinion request and we shall now attempt to answer same.
For purposes of clarity we will respond first to your second question wherein you ask what constitutes a farm.
Webster's Third New International Dictionary, 1976 edition, states that a farm is any tract of land whether consisting of one or more parcels devoted to agriculture and cultivation purposes generally under the management of a tenant or the owner.
In your first question, you ask what is a farm structure. The above authority also refers to a structure as a building and as something made up of parts of material elements and existing in a solid state.
Therefore, we believe a farm structure under those general definitions would consist of any buildling, house, barn, fence and any other construction located on land devoted to agricultural and cultivation purposes.
In your third question you ask whether a residence located on a farm and used as a residence by someone other than the landowner would be taxable under R.S.47:1707. We believe the statute is clear and specifically excludes principal residences from the definition of farm structures exempt from ad valorem taxes.
Therefore, a residence located on a farm and used as a residence by someone other than the landowner is taxable under Acts (1980) No. 813.
However, such a residence might otherwise be exempt from ad valorem taxes if owned and occupied by the Landowner, but not occupied by someone else. The LOUISIANA Constitution of 1974 in Article VII, Section 20(A)1
states in part that the residence and land of the bona fide homestead is exempt from the state, parish, and special ad valorem taxes to the extent of three thousand dollars of the assessed valuation.
We trust that we have been of assistance in this matter.
Very truly yours,
 William J. Guste, Jr. Attorney General
 BY: Jesse James Marks Assistant Attorney General
La. Atty. Gen. Op. No. 81-179, 1981 WL 155248 (La.A.G.)